UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY LOWE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TANDEM DIABETES CARE INC., JOHN F. SHERIDAN, BRIAN B. HANSEN, AND LEIGH A. VOSSELLER,<br><br>Defendants. | Case No.: 3:23-cv-01657-H-BLM<br><br>**ORDER:**<br><br>(1) **DENYING MASON RAINES MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL;**<br><br>(2) **DENYING THE MARTEL FAMILY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF COUNSEL; AND**<br><br>(3) **GRANTING THE MOVANTS' JOINT MOTION TO APPOINT CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL**<br><br>[Doc. Nos. 3, 4, 5.] |

On November 7, 2023, Mason Raines ("Raines") filed a motion for appointment as

lead plaintiff and for approval of his selection of lead counsel. (Doc. No. 3.) That same day, Thomas O. Martel and Linna Rae Martel (collectively, the "Martel Family") filed a motion for appointment as lead plaintiffs and for approval of their selection of lead counsel. (Doc. No. 4.)

On November 22, 2022, Raines and the Martel Family (together, "Movants") filed a joint motion for appointment as co-lead plaintiffs and for their respective selections of counsel to serve as co-lead counsel. (Doc. No. 5.) Movants represent that their respective counsel met-and-conferred with counsel for Defendants Tandem Diabetes Care Inc., John F. Sheridan, Brian B. Hansen, and Leigh A. Vosseller (collectively, "Defendants"). (Id. at 3.) Movants state that Defendants take no position regarding Movants' pending motions for lead plaintiff, the joint motion for appointment as co-lead plaintiffs, and Movants' respective selections of co-lead counsel. (Id.) No other competing motions for lead plaintiff have been filed.

A hearing on this matter was scheduled for December 11, 2023 at 10:30 a.m. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determined the matter was appropriate for resolution without oral argument, submitted the motions on the parties' papers, and vacated the hearing. (Doc. No. 6.) For the reasons set forth below, the Court grants Movants' joint motion for appointment as co-lead plaintiffs and approves their selections for co-lead counsel. The Court denies Movants' individual motions as moot. (Doc. Nos. 3, 4.)

## BACKGROUND

On September 8, 2023, Plaintiff Carey Lowe ("Plaintiff Lowe"), through his counsel Levi & Korsinsky LLP ("Levi & Korsinsky"), filed a securities class action complaint against Defendants Tandem Diabetes Care, Inc. ("Tandem" or the "Company"), John F. Sheridan, Brian B. Hansen, and Leigh A. Vosseller. (Doc. No. 1, Compl.) The complaint alleges that between August 3, 2022, and November 2, 2022, inclusive (the "Class Period"), Defendants defrauded investors in violation of Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange

Commission Rule 10b-5, 17 C.F.R. § 240.10b-5. Specifically, the complaint asserts that during the Class Period, Defendants made materially false and/or misleading statements regarding Tandem's projected revenue and sales for the year ending in 2022. (Compl. ¶ 2.) Plaintiff Lowe claims Tandem investors incurred significant losses when Tandem revised its 2022 forecast downward from a range of $835 million to $845 million to a range of $800 to $805 million. Plaintiff Lowe represents that the Company's announcement caused Tandem's common stock to decline drastically, dropping 30.4% from November 2, 2022 to November 3, 2022. (Id. ¶¶ 4–5.)

In response to a notice that was published after Plaintiff Lowe filed his class action complaint, Raines and the Martel Family filed their motions to be appointed as lead plaintiff and for approval of their selection of lead counsel. (Doc. Nos. 3, 4.) Raines alleges he purchased 1,000 shares of Tandem stock during the Class Period and suffered financial losses of approximately $12,232.67. (Doc. No. 3-4, Ex. B to Declaration of Adam M. Apton ("Apton Decl.").) The Martel Family alleges they purchased 455 shares of Tandem during the Class Period and suffered financial losses of approximately $7,792. (Doc. No. 4-3, Ex. A to Declaration of Jennifer Pafiti ("Pafiti Decl.").) On November 22, 2023, after reviewing each other's motions, Movants filed a joint motion to appoint themselves as co-lead plaintiffs and to approve their respective selections of counsel as co-lead counsel. (Doc. No. 5.) Movants represent that it will be in the best interests of the class for Movants to serve as co-lead plaintiffs and for their respective selections of counsel to serve as co-lead counsel in this action. (Id. at 3.)

## DISCUSSION

### I.   Appointment of Co-Lead Plaintiffs

Under the Private Securities Litigation Reform Act ("PSLRA"), the district court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The presumptively most adequate plaintiff is the one who: (1) has either filed the complaint or brought a motion for appointment as lead

plaintiff in response to the publication of notice; (2) "has the largest financial interest in the relief sought by the class;" and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Id. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc).  "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.  It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" In re Cavanaugh, 306 F.3d 726, 730 (9th Cir. 2002) (emphasis in original).  Once established, this presumption may be rebutted only upon proof that the presumptive lead plaintiff: (1) "will not fairly and adequately protect the interests of the class; or" (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

The decision to appoint "co-lead plaintiffs is within the discretion of the [district] [c]ourt." Miller v. Ventro Corp., No. 01-CV-1287, 2001 WL 34497752, at *9 (N.D. Cal. Nov. 28, 2001).  Here, Movants assert that it is in the best interests of the class for Raines and the Martel Family to join efforts and serve as co-lead plaintiffs. (Doc. No. 5 at 3.) The Court agrees and exercises its discretion to appoint co-lead plaintiffs in this action so long as (1) Movants are the presumptively most adequate plaintiff under the PSLRA's three-pronged test; and (2) the presumption is not rebutted.

**A. Preliminary Procedural Requirements.**

Pursuant to the PSLRA, no later than 20 days after filing a class action securities complaint, a private plaintiff or plaintiffs must publish a notice advising members of the purported plaintiff class of the pendency of the action, the claims asserted, and that any member of the purported class may move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)–(I). Not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class. Id. § 78u-4(a)(3)(A)(i)(II).

Plaintiff Lowe filed this action in this Court on September 8, 2023. (Doc. No. 1.) That same day, Levi & Korsinsky published a notice of the pendency of the present action in Globe Newswire, a widely circulated national business-oriented wire service. (Doc. No. 3-5, Ex. C to Apton Decl.; Doc. No. 3-1 at 9.) Levi & Korsinsky timely published the notice within 20 days after the filing of the complaint. The notice properly lists the claims and the class period and advises the putative class members that they have 60 days from the date of the notice—until November 7, 2023—to file a motion to seek appointment as lead plaintiff in the present lawsuit. (Doc. No. 3-5, Ex. C to Apton Decl.) On November 7, 2023, Movants filed their motions for appointment as lead plaintiff and for approval of their selections for lead counsel. (Doc. Nos. 3, 4.) Movants satisfied the sixty-day requirement. Accordingly, the Court finds that the notice in this action satisfied the PSLRA's requirements, and Movants fulfilled the statutorily mandated procedural requirements to be eligible for appointment as co-lead plaintiffs.

**B. Movants Have Significant Financial Interests in the Litigation.**

The PSLRA creates a presumption that the most capable plaintiff is the one who "has the largest financial interest in the relief sought by the class," but the PSLRA does not specify a method to ascertain "financial interest." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The Ninth Circuit does not mandate a particular method either; however, it has indicated that district courts "may select accounting methods that are both rational and consistently applied." Cavanaugh, 306 F.3d at 730 n.4. District courts often equate financial interest with actual economic losses suffered. See Inchen Huang v. Depomed, Inc., 289 F. Supp. 3d 1050, 1052 (N.D. Cal. 2017) ("[A]pproximate losses in the subject securities is the preferred measure.") (citations omitted).

Movants have alleged a significant financial interest in the litigation. Raines states that he purchased 1,000 shares of Tandem stock during the Class Period and suffered losses of approximately $12,232.67. (Doc. No. 3-4, Ex. B to Apton Decl.) The Martel Family allege they purchased 455 shares of Tandem stock during the Class Period and suffered financial losses of approximately $7,792. (Doc. No. 4-3, Ex. A to Pafiti Decl.) Aggregated

together, Movants sustained approximately $20,024.67 in losses. Because no other competing motion alleges a larger financial stake in the litigation, Movants are the presumptive co-lead plaintiffs if they otherwise meet the requirements of Rule 23, and the presumption is not rebutted.

### C. Movants Satisfy the Typicality and Adequacy Requirements.

Federal Rule of Civil Procedure 23(a) requires that the class representative have claims and defenses that are typical of the claims or defenses of the class and that a class representative will fairly and adequately protect the interests of the class.

First, the presumptive lead plaintiff satisfies the typicality requirement when "the presumptive lead plaintiff's claim arise[s] from the same event or course of conduct giving rise to the claims of other class members and [are] based on the same legal theory." Foster v. Maxwell Techs., Inc., No. 13-CV-00580-BEN-RBB, 2013 WL 5780424, at *5 (S.D. Cal. Oct. 24, 2013) (citation omitted) (internal quotation marks omitted). The claims must be "reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). Here, like other class members, Movants allege they purchased Tandem stock during the Class Period at prices artificially inflated by Defendants' material misrepresentations and/or omissions and as a result, suffered damages. (Doc. No. 3-1 at 12; Doc. No. 4-1 at 12–13.) Movants' claims arise from the same events. Moreover, they base their claims on the same legal theory as the claims that the other class members alleged in the complaint. Thus, the Court finds that Movants satisfy the typicality requirement.

Second, representation is "fair" and "adequate" when the interests of the plaintiffs and their counsel do not conflict with the interests of other class members, and the plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. Hanlon, 150 F.3d at 1020. In this case, it appears that Movants' interests align with those of the other class members. (Doc. No. 3-1 at 9, 12–13; Doc. No. 4-1 at 13–14.) Raines, for his part, signed a sworn certification representing his willingness to serve and assume the responsibilities of class representative. (Doc. No. 3-3, Ex. A to Apton Decl.; see also Doc.

No. 3-6, Declaration of Mason Raines, Ex. D to Apton Decl.)  Likewise, the Martel Family signed sworn certificates representing their willingness to serve as class representatives. (Doc. No. 4-5, Ex. C to Pafiti Decl.)  Further, the Martel Family's joint declaration sets forth their shared interest in prosecuting the case and their understanding of the fiduciary obligations that accompany the role of lead plaintiff.  (Doc. No. 4-6 ¶ 5, Ex. D to Pafiti Decl.)  Moreover, Movants have a substantial financial stake in the litigation, giving them an incentive to litigate vigorously and to represent the class's claims.  There is no evidence of any actual or potential conflict of interest between Movants and the other class members. Movants state that they believe serving as co-lead plaintiffs is in the best interests of the class. (Doc. No. 5 at 3.)  Finally, Raines and the Martel Family's retained counsel, Levi & Korsinsky and Pomerantz LLP ("Pomerantz"), respectively, as discussed below, are well experienced in complex securities class action litigation and can represent the interests of the class.  Therefore, the Court concludes that Movants are the presumptive co-lead plaintiffs under the PSLRA.

### D. The Presumption Has Not Been Rebutted.

The presumption that Movants are the most adequate co-lead plaintiffs may be rebutted only upon proof by a member of the purported plaintiff class that they will not fairly and adequately protect the interests of the class or are subject to unique defenses that render them incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).  The Court has not received any competing motions for lead plaintiff from any member of the purported plaintiff class.  Defendants take no position on the motions pending before the Court.  (Doc. No. 5 at 3.)  Accordingly, the presumption that Movants are the presumptive co-lead plaintiffs has not been rebutted.

Movants are the presumptive co-lead plaintiffs because they (1) timely moved for appointment as lead plaintiffs in response to the notice; (2) have the largest financial interest in the litigation; and (3) otherwise satisfy the requirements of Rule 23.  As discussed above, this presumption has not been rebutted.  Accordingly, the Court grants Movants' joint motion for approval as co-lead plaintiffs and denies Movants' individual

motions as moot. The Court appoints Mason Raines, Thomas O. Martel, and Linna Rae Martel as co-lead plaintiffs.

## II.     Approval of Co-Lead Plaintiffs' Selection of Co-Lead Counsel

Under the PSLRA, once the court has designated a lead plaintiff or co-lead plaintiffs, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). If the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice. Cohen v. U.S. Dist. Ct., 586 F.3d 703, 712 (9th Cir. 2009).

Here, Raines and the Martel Family ask the Court to approve their respective selections of Levi & Korsinsky and Pomerantz to serve as co-lead counsel to represent the class. On their firm resume, Levi & Korsinsky claim to be highly experienced in securities litigation and class actions. (Doc. No. 3-7, Ex. E to Apton Decl.) They represent that they have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of shareholders and have served as lead or co-lead counsel in numerous securities class action litigation matters, obtaining millions of dollars in recovery. (Id. at 6–8.) Pomerantz's firm resume boasts similar skills, experiences, and accomplishments. (Doc. No. 4-7, Ex. E to Pafiti Decl.) For example, Pomerantz cites numerous million-dollar settlements obtained in class action securities litigation like this action as evidence of their prowess in securities litigation. (Id. at 3–8.) Movants believe that it is in the best interests of the class for their respective selections of counsel to serve as co-lead counsel. (Doc. No. 5 at 3.) Considering the firms' substantial experience in securities class action litigation, the Court approves Movants respective choices of counsel, and appoints Levi & Korsinsky and Pomerantz to serve as co-lead counsel.

## CONCLUSION

For the reasons above, the Court **GRANTS** Movants' joint motion to be appointed as co-lead plaintiffs and approves their respective selections of counsel to serve as co-lead counsel. (Doc. No. 5.) The Court **DENIES** Raines and the Martel Family's individual motions for lead plaintiff as moot. (Doc. Nos. 3, 4.) The Court **ORDERS** the following:

1. Plaintiffs Mason Raines, Thomas O. Martel, and Linna Rae Martel are appointed to serve as Co-Lead Plaintiffs ("Co-Lead Plaintiffs") under Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned action.

2. Co-Lead Plaintiffs' selection of co-lead counsel is approved, and the Court appoints Levi & Korsinsky LLP and Pomerantz LLP as Co-Lead Counsel for the class.

**IT IS SO ORDERED.**

DATED: December 6, 2023

_____
MARILYN L. HUFF, Senior District Judge
UNITED STATES DISTRICT COURT