COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
PETER M. ADAMS (243926)
(padams@cooley.com)
LINH K. NGUYEN (305737)
(lknguyen@cooley.com)
DYLAN K. SCOTT (332796)
(dscott@cooley.com)
10265 Science Center Drive
San Diego, CA 92121
Tel: (858) 550-6000

*Attorneys for Defendants Tandem Diabetes Care, Inc., John F. Sheridan, and Leigh A. Vosseller*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY LOWE, Individually and on Behalf of All Other Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TANDEM DIABETES CARE, INC., JOHN F. SHERIDAN, and LEIGH A. VOSSELLER,<br><br>Defendants. | Case No. 3:23-cv-1657-H-BLM<br><br>**DEFENDANTS' NOTICE OF RECENT AUTHORITY**<br><br>Judge: Hon Marilyn L. Huff<br>Courtroom: 12A |

In connection with their Motion to Dismiss Plaintiffs' Amended Complaint ("AC") (Dkt. No. 16), Defendants respectfully submit this Notice of Recent Authority (the "Notice") to inform the Court of the recent decision by the Ninth Circuit in *Espy v. J2 Global, Inc.* ("*Espy*"), Case No. 22-55829 (9th Cir. Apr. 19, 2024) (attached hereto as "Exhibit A"). In that opinion, the Ninth Circuit affirmed the district court's dismissal of Section 10(b) claims based on plaintiffs' failure to adequately plead scienter and loss causation. (Ex. A at 2)

In *Espy*, shareholders sued J2 Global, Inc. ("J2") and its executives for alleged misrepresentations about an acquisition, an investment transaction, and certain accounting practices. To plead scienter, plaintiffs relied in part on statements attributed to four former employees ("FEs"), including the company's former "Global Head of Human Resources" ("FE2"), who were alleged to have worked closely with the individual defendants or their direct reports on matters related to the transactions and practices at issue. *Id*. at 6-7. The FEs stated that the individual defendants approved the challenged transactions despite knowing of alleged improprieties, and the FEs described specific meetings with the individual defendants where relevant matters were discussed. *Id*. at 4-5. The FEs also asserted that the individual defendants oversaw day-to-day financial operations, including the challenged accounting practices, and instructed the FEs not to publicly discuss such matters. *Id*. at 6. These facts, Plaintiffs argued, supported a compelling inference that the defendants intentionally misled investors. *Id*. at 4-8.

The Ninth Circuit was not persuaded. Despite the FE allegations and other facts alleged to support scienter, the court found that the complaint failed to clear the PSLRA's high pleading bar. *Id*. at 8.

***First***, the court found that the FE allegations, while extensive, failed to demonstrate that the FEs had reliable personal knowledge about the matters at the heart of the case: the acquisition, the investment, and the company's accounting practices. *Id*. at 4-8. For example, plaintiffs alleged that the challenged acquisition

was part of an undisclosed scheme by defendants to help an executive bring his girlfriend from the Netherlands to the U.S. by making her an employee of the acquisition target. *Id.* To support scienter, plaintiffs pointed to an FE's description of meetings with this executive and the individual defendants where the executive "threatened to leave [the company] unless [the individual defendants] accommodated his demand to bring his girlfriend to the United States." *Id*. at 5. But these allegations were inadequate, the court found, because the FE was not present for the *entire* discussion; the acquisition itself was "apparently discussed, if at all, after 'the discussions became private and FE2 no longer participated.'" *Id*.  Thus, "FE2's incomplete report of the meeting in question" could not serve to "impute to [defendants] knowledge of the details of the [] acquisition—that it was effectively . . . a vehicle acquired in part to allow [the executive's] girlfriend to come to the United States." *Id*.  Further, FE2's reliability as to the "workings of the finance or corporate departments" was "undermined by her prior position as Global Head of Human Resources,"—a different department—"which indicates that FE2 relies on secondhand information[.]" *Id*.

**Second**, the court found that even if the FEs' allegations could be credited, they failed to create an inference of scienter that was at least as compelling as alternative innocent explanations. *Id*. at 7. For example, plaintiffs cited as support for scienter an FE's statement that a direct report to one of the individual defendants had instructed the FEs and others not to speak publicly about new acquisitions.  *Id*. While the court acknowledged that it was possible to infer from such allegations that defendants intended to conceal information about acquisitions, "[t]he competing innocuous inferences"—*e.g.,* that the company simply wished to control the dissemination of non-public information about potential transactions—were "much more compelling." *Id*.

The allegations in *Espy* could not meet the PSLRA's threshold for scienter, which means the allegations in this case do not even come close. In *Espy*, the FEs

detailed specific meetings with the individual defendants and described internal financial reports that they provided directly to the defendants. Here, Plaintiffs' FEs allege zero contact with the Individual Defendants; no meetings, no conversations, no reports, analyses or other specific information conveyed to the Defendants—nothing at all to show the Defendants' mental state.  And while at least some FEs in *Espy* reported working with those responsible for the challenged accounting practices and transactions, neither FE here offers any credible basis to infer first-hand knowledge of the key issues in this case. It is undisputed that neither FE had any personal knowledge of: (1) the effects from competition in 109 of 110 U.S. sales territories; (2) Tandem's financial or forecasting departments; or (3) the Individual Defendants' involvement in these financial processes. Instead, Plaintiffs' FEs offer general observations about business conditions in their territories, they complain about their individual sales quotas, and they relate grievances that were supposedly conveyed to unspecified members of "management." The *Espy* court rejected far more concrete FE allegations as "incomplete" and too "general" to adequately plead scienter. *Id.* at 5, 7.  That the comparatively robust FE allegations in *Espy* still missed mark only underscores just how far short of the PSLRA's high bar Plaintiffs' allegations fall.

Defendants believe that this short notice is sufficient to alert the Court of this new authority.

Dated:  April 25, 2024

Respectfully submitted,

COOLEY LLP

By: */s/ Peter Adams*
PETER M. ADAMS (243926)

*Attorneys for Defendants Tandem Diabetes Care, Inc., John F. Sheridan, and Leigh A. Vosseller*